United States District Court
Southern District of Texas
**ENTERED**
October 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Martin Alejandro Guadamuz Barrera, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-6967 |
| | § | |
| Todd Blanche, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER OF DISMISSAL

Before the Court is Martin Alejandro Guadamuz Barrera's Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. Doc. 1. Petitioner, a native and citizen of Nicaragua, Doc. 1-6 at 1, concedes that he illegally entered the United States in 2021, Doc. 1 ¶ 22. After his unlawful entry, he was apprehended by immigration officials, detained, and served with a Notice to Appear that charged him with removability as an alien who entered the United States without inspection and admission. Doc. 1 ¶ 22. During his first removal proceedings, Petitioner was released on his own recognizance. Docs. 1 ¶ 23; 1-3 at 1. Petitioner's first removal proceedings were dismissed in 2022 for failure to prosecute. Docs. 1 ¶ 24; 1-4.

On July 31, 2026, the Department of Homeland Security detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) and served him with a second Notice to Appear charging him with removability as an alien who entered the United States without being admitted or paroled and as an immigrant who did not possess a valid entry document at the time of application for admission. Docs. 1 ¶¶ 26–27; 1-6. He remains in the custody of

Respondent Warden of the Joe Corley Processing Center in Conroe, Texas. Doc. 1 ¶ 1. Petitioner filed this Petition asserting that his current detention violates (i) substantive due process; (ii) procedural due process; (iii) the Immigration and Nationality Act ("INA"); (iv) the Administrative Procedure Act; (v) the Equal Protection Clause; and (vi) the Suspension Clause of Article I of the Constitution. *Id.* ¶¶ 51–100, 106–16. Petitioner further claims that Respondents should be equitably estopped from asserting he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶¶ 101–05.

When entertaining a petition for a writ of *habeas corpus*, a district court has three options: "forthwith award the writ;" "issue an order directing the respondent to show cause why the writ should not be granted;" or dismiss the petition as facially deficient. 28 U.S.C. § 2243. Under the third option, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases in the United States District Courts.[1]

On February 6, 2026, the Fifth Circuit held that aliens who were never lawfully admitted to the country remain "applicants for admission" to the United States under 8 U.S.C. § 1225(b)(2)(A) and therefore must be detained pending their removal proceedings. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026). This holding

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

prevents illegal aliens from raising statutory challenges to pre-removal order detention and from claiming that DHS acted *ultra vires* when detaining them under that subsection.[2]

Moreover, since the Fifth Circuit decided *Buenrostro-Mendez*, this Court has resolved numerous novel challenges to detention under Section 1225. Relevant here, the Court has rejected the precise challenges raised by Petitioner in the following orders:

- *Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026): Holding that detention under § 1225(b)(2)(A) does not violate (i) the Immigration and Nationality Act; (ii) substantive due process; (iii) procedural due process; (iv) the Fourteenth Amendment's Equal Protection Clause; (v) the Administrative Procedure Act; (vi) the Suspension Clause of Article I of the Constitution; or (vii) the *Accardi* Doctrine.

- *Portillo de Marquez v. Mullin*, 4:26-cv-2073 (S.D. Tex. July 14, 2026): Rejecting an *ultra vires* agency action claim as an improper attempt to bind the current Administration to its predecessors' positions when the INA contemplates re-detention.[3]

Because Petitioner exclusively asserts grounds for relief that the Court previously rejected in the above-cited decisions, it plainly appears from the Petition that Petitioner is

[2] On July 2, 2026, a Fifth Circuit panel issued another opinion addressing whether mandatory detention under § 1225(b)(2)(A) violates the Fifth Amendment's Due Process Clause. *See Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. July 2, 2026), *reh'g en banc granted and opinion vacated*, 181 F.4th 608 (5th Cir. 2026). Although the panel limited detention under § 1225(b)(2)(A) "for ninety days but no longer without a bond hearing," eight days later, the Fifth Circuit granted rehearing *en banc* and vacated the panel opinion. *Id.* at 728; *Sosnava Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (per curiam). Because the panel opinion has been vacated, it is "of no precedential value." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013).

[3] The Court's reasoning in *Portillo de Marquez*, 4:26-cv-2073 (S.D. Tex. July 14, 2026), Doc. 9 at 3, applies with equal force to Petitioner's claim that the Court should equitably estop Respondents from asserting detention authority under 8 U.S.C. § 1225(b)(2)(A) based on the decisions of prior administrations, *see* Doc. 1 ¶¶ 101–05. This same reasoning also extends to Petitioner's attempt to frame his due process claims in terms of his prior release on recognizance to contend that he is presently detained under 8 U.S.C. § 1226(a) rather than § 1225(b)(2)(A). *See* Doc. 1 ¶ 64.

not entitled to the writ. Therefore, the Court "must dismiss the petition." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts.

The Petition is DISMISSED WITH PREJUDICE. The Clerk shall deliver a copy of this Order to the United States Attorney for the Southern District of Texas by electronic mail at USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents. The Clerk of Court is directed to CLOSE this case.

This is a FINAL JUDGMENT.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 8th of October, 2026.

Nicholas J. Ganjei
United States District Judge